## MULLLENBACK vs. BATZ.

*May 12 — May 27, 1880.*

*(1) Pleading in Justice's Court. (2) Secondary evidence.*

1. A complaint *in justice's court* which alleges that defendant is indebted to plaintiff in a sum named, "for money had and received" on a specified day "at his request, and that no part thereof has been paid," and demands judgment for that amount, *held* sufficient.
2. Where, on the trial in justice's court, a postal card had been properly put in evidence, and delivered to the justice, and had been lost or mislaid, and, on search by the justice, could not be found, there was no error, at a subsequent trial in the county court, in allowing testimony as to its contents.

APPEAL from the County Court of *Fond du Lac* County.

The action was commenced in justice's court, and the complaint was as follows: "Plaintiff complains that defendant is indebted to him in the sum of $20 for money had and received April 15, 1875, and demands judgment for that amount." The

answer was a general denial. In the circuit court plaintiff was allowed to amend the complaint by inserting, after the words "had and received," the words "at his request, and that no part thereof has been paid." Defendant's objection to the introduction of evidence under the complaint thus amended, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled. After the evidence was all in, plaintiff was again permitted to amend the complaint so that it read as follows: "The amended complaint of the plaintiff shows to the court and alleges, that the defendant is indebted to him in the sum of $20 for money had and received on the 15th of April, 1878, and that the defendant refuses to pay the same, although a demand of him to do so was made in May, 1878; wherefore plaintiff demands judgment," etc.

The plaintiff had a verdict; a new trial was refused; and defendant appealed from a judgment on the verdict.

Brief for the appellant by *Gilson & Ware*, and oral argument by *Mr. Gilson*.

Submitted for the respondent on the brief of *E. S. Bragg*, of counsel.

ORTON, J. The complaint, as amended, appears to be substantially sufficient and formal for a case originating before a justice of the peace.

The only important questions of fact in the case were, whether the plaintiff paid to the defendant the $20 in dispute, and the defendant either negligently or willfully failed to credit the amount on the plaintiff's note, and exacted and received the full amount of the unpaid balance of the note without deducting and taking into account such payment; and whether the plaintiff demanded of the defendant the repayment to him of the $20 before suit. The jury were the proper judges of conflicting evidence and of the credibility of the witnesses; and they found both questions in favor of the plaintiff, and we think upon sufficient evidence.

Dogge vs. The Northwestern National Ins. Co.

To prove the demand, the plaintiff offered to prove the contents of a postal card which he caused to be sent to the defendant, and which the defendant received. It was in proof that this postal card was produced by the defendant at the trial before the justice, and delivered to him, and that it had been lost or mislaid, and on search by the justice could not be found. The contents were allowed to be proved, and, we think, properly. The witnesses do not agree as to the contents of the postal card, but it appears to be quite certain that it related to the payment of these $20, and the jury found that it contained a sufficient demand for its repayment to the plaintiff. It is not clear that any demand was necessary before suit. The defendant utterly denied having received or having been paid the $20, when called upon by the plaintiff to account for it, and, according to the verdict of the jury, had converted it to his own use. The charge to the jury appears to be a correct statement of the law, and the instruction asked was properly refused.

*By the Court.*— The judgment of the county court is affirmed, with costs.